## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE WALLACE, AHKILAH JOHNSON, VANESSA GALLUCI, SARAH WARDALE, SARAH BROWN and JENNIFER GAETAN, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br> v. <br><br> GERBER PRODUCTS COMPANY, BEECH-NUT NUTRITION COMPANY, NURTURE, INC. and HAIN CELESTIAL GROUP, INC., <br><br> Defendants. | CASE NO.: 2:21-cv-02531 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs Michele Wallace, Ahkilah Johnson, Vanessa Gallucci, Sarah Wardale, Sarah Brown and Jennifer Gaetanon on behalf of themselves and all others similarly situated, by their undersigned attorneys, allege against Gerber Products Company (d/b/a Nestlé Nutrition, Nestlé Infant Nutrition, or Nestlé Nutrition North America) ("Gerber"), Beech-Nut Nutrition Company ("Beech-Nut"), Nurture, Inc. ("Nurture") and Hain Celestial Group, Inc. (hereafter "Hain") (collectively "Defendants") the following based upon personal knowledge as to themselves and their own actions, and, as to all other matters, investigation of their counsel, as follows:

### INTRODUCTION

1.     Inorganic arsenic, lead, cadmium and mercury are toxic heavy metals. The Food and Drug Administration and the World Health Organization have declared them dangerous to human health, particularly to babies and children, who are most vulnerable to their neurotoxic

effects.[1] Even low levels of exposure can cause serious and often irreversible damage to brain development.[2]

2.      Yet, according to internal company documents of Defendants, and test results provided to the Congressional Subcommittee charged with investigating toxic metals in baby foods, commercial baby foods are tainted with significant levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury. Exposure to toxic heavy metals causes permanent decreases in IQ, diminished future economic productivity, and increased risk of future criminal and antisocial behavior in children. Toxic heavy metals endanger infant neurological development and long-term brain function.

3.      Yet, tests of products of each of the Defendants reveals that they contain inappropriate and harmful levels of toxic heavy metals.

4.      This is a consumer class action brought individually by the Plaintiffs and on behalf of all persons in the below-defined proposed Classes, all of whom purchased one or more of certain

---

[1] *Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury,* Staff Report ("**House Subcommittee Report**" or "**SR**"), Subcommittee on Economic and Consumer Policy of the Committee on Oversight and Reform, U.S. House of Representatives, at 11, February 4, 2021, available at https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf (internal citations omitted).
[2] *Id.*

baby foods manufactured by Defendants Hain,[3] Gerber,[4] Beech-Nut[5] and Nurture.[6] The term

"Products" used herein refers to the products and/or ingredients as defined in footnotes 3, 4, 5, and

6 below contain the products and/or ingredients that are at issue in this action and will be

collectively referred to as "the Products".

---

[3] The Hain products at issue are all baby foods sold by defendant that contain one or more of the following ingredients: organic barley flour, organic chopped broccoli, organic date paste, organic cinnamon powder, organic brown flax milled, organic yellow papaya puree, organic whole what fine, organic red lentils, organic oat flakes, organic oat flour; organic vitamin pre-mix, organic brown rice flour, organic whole raisins, organic soft white wheat flour, organic spelt flour, organic barley malt extract, organic yellow split pea powder, medium grain whole rice, organic butternut squash puree, and organic blueberry puree, and include, Stage 1: Baby Chicken & Chicken Broth, Stage 2: Sweet Potato and Chicken Dinner; Stage 2: Chicken & Rice (the "Earth's Best Brand Baby Food Products"). Discovery may reveal additional products at issue.

[4] The Gerber products at issue are: Gerber Toddler Mashed Potatoes & Gravy with Roasted Chicken Meal, Gerber Toddler Pick-ups Chicken & Carrot Ravioli Meal, Gerber Toddler Spaghetti Rings in Meat Sauce Meal, Gerber Toddler Spiral Pasta in Turkey, Meat Sauce Meal, Gerber Toddler Pick-ups Chicken & Carrot Ravioli Meal, Gerber Toddler Spaghetti Rings in Meat Sauce Meal, Gerber Sitter 2nd Foods Turkey Rice Dinner Plastic Tub, Gerber Sitter 2nd Foods Vegetable Beef Dinner Plastic Tub, Gerber Toddler Pick-ups Chicken & Carrot Ravioli Meal, Gerber Sitter 2nd Foods Apple Chicken Dinner Plastic Tub, Gerber Sitter 2nd Foods Vegetable Beef Dinner Plastic Tub, Gerber Toddler Mashed Potatoes & Gravy with Roasted Chicken Meal, Gerber Toddler Pick-ups Chicken & Carrot Ravioli Meal, Gerber Toddler Spaghetti Rings in Meat Sauce Meal, Gerber Toddler Spiral Pasta in Turkey Meat Sauce Meal, and Gerber Sitter 2nd Foods Turkey Rice Dinner Plastic Tub (the "Gerber Brand Baby Food Products").

[5] The Beech-Nut products at issue are all baby foods sold by defendant that contain one or more of the following ingredients and/or commodities: Cinnamon, Organic Cumin, Organic Coriander, Oregano, Alpha Amylase, Organic Lemon, Tumeric, Sunflower Lecithin, Sweet Potato, Quinoa Flower, Prune Puree, Dehydrated Potato, Mango, Sebamyl 100, Apricot, Enzyme, Organic Quinoa Seeds, Blueberry, Carrots, Organic Pears (the "Beech-Nut Brand Baby Food Products").

[6] The Nurture products at issue are the following HappyBABY foods sold by defendant: Blueberry Rice Cakes; Stage 3 Root Vegetables & Turkey; Apple & Broccoli Puffs; Apple Cinnamon Oat Jar; Apple Spinach Jar; Kale & Spinach Puffs; Apple Mango Beet; Pear Prune Jar; Apple Spinach Pea & Kiwi; Pea Spinach Teether; Strawberry Yogis; Sweet Potato & Carrot Puffs; Banana & Pumpkin Puffs; Apples Blueberries & Oats; CC Oats & Quinoa Cereal; Green Beans Jar; Pears Mangos & Spinach; Carrots; Apple & Broccoli Puffs; Strawberry & Beet Puffs; Mangoes; Sweet Potatoes Jar; Harvest Vegetables & Chicken; Apple Rice Cakes; Blueberry Purple Carrot Greek Yogis; Apple & Spinach; Clearly Crafted Apple Guava Beet; Sweet Potato & Carrot Puffs; Apple Pumpkin Carrots; Multi-Grain Cereal Canister; CC Oatmeal Cereal; Carrots & Peas; CC Prunes; Pears & Kale Jar; Vegetable & Beef Medley; Banana Sweet Potato Teether; Blueberry Purple Carrot Teether; and Strawberry Banana Greek Yogis (the "HappyBaby Brand Baby Food Products").

5.      The Defendants manufacture, market, advertise, label, distribute, and sell baby food products throughout the United States, including in this District.

6.      The Defendants do not list heavy metals as an ingredient on their products' labels nor do they warn of the potential presence of heavy metals in their products.  The Defendants also do not disclose that the ingredients of its supposedly "organic" products contain inorganic arsenic.

7.      Unbeknownst to Plaintiffs and members of the Classes, and contrary to the representations on their product labels, their products contain heavy metals, including inorganic arsenic, cadmium and lead at levels well above what is considered safe amounts for babies to ingest, which, if disclosed to Plaintiffs and members of the Classes prior to purchase, would have caused Plaintiffs and members of the Classes to not purchase, consume, or use as food for their babies, these babies products.

8.      As a result, the Defendants' labeling is deceptive and misleading.

9.      Plaintiffs and the Classes, as defined below, assert claims for consumer fraud, breach of warranty, unjust enrichment, and seek damages, injunctive and declaratory relief, interest, costs, and attorneys' fees.

## THE PARTIES

**The Plaintiffs**

10.     Plaintiff Michele Wallace is, and at all relevant times was, a citizen of the State of New Jersey residing in Rahway, New Jersey and is a member of the Class defined herein. Since around May 2020 through the present, Plaintiff Wallace continuously purchased products manufactured by Beech-Nut, Gerber, Nurture and Hain containing heavy metals from Target, Walmart and Shoprite for her infant child. The following products are some, but not all, of the products Plaintiff Wallace purchased that contain heavy metals: Happy Baby pouches, teethers in different varieties, various flavors of oatmeal, quinoa, and cereal; Gerber Organics variety of fruit

4

and vegetable packs; Beach-Nut Pears. During that time, based on Defendants' omissions and the false and misleading claims, warranties, representations, advertisements and other marketing by Defendants, Plaintiff Wallace was unaware that the Defendants' products contained any level of heavy metals, and would not have purchased the food if that was fully disclosed, or she would not have paid as much for these products if that information was fully disclosed. Plaintiff Wallace was injured by paying a premium for Defendants' contaminated products that have no or de minimis value— or whose value was at least less than what she paid for these products— based on the presence of the alleged heavy metals.

11.     Plaintiff Ahkilah Johnson is, and at all relevant times was, a citizen of the State of New Jersey residing in Maplewood, New Jersey and is a member of the Class defined herein. Since around April 2020 through the present, Plaintiff Johnson continuously purchased products manufactured by Beech-Nut, Gerber and Nurture containing heavy metals from Target and Amazon for her infant child. The following products are some, but not all, of the products Plaintiff Johnson purchased that contain heavy metals:  Beach-Nut Oatmeal cereal; HappyBABY Baby Organics Blueberry & Purple Carrot teether, Strawberry & Beet and Kale & Spinach puffs, as well as other varieties of teethers, puffs and pouches; Gerber Mango Banana Carrot.  Earth's Best Banana Blueberry pouches;  Sweet Potato Cinnamon pouches and Carrots & Broccoli pouches. During that time, based on Defendants' omissions and the false and misleading claims, warranties, representations, advertisements and other marketing by Defendants, Plaintiff Johnson was unaware that the Defendants' products contained any level of heavy metals, and would not have purchased the food if that was fully disclosed, or she would not have paid as much for these products if that information was fully disclosed. Plaintiff Johnson was injured by paying a premium for Defendants' contaminated products that have no or de minimis value— or whose

value was at least less than what she paid for these products— based on the presence of the alleged heavy metals.

12.    Plaintiff Sarah Brown is, and at all relevant times was, a citizen of the State of New Jersey residing in Annandale, New Jersey and is a member of the class defined herein. Since around November 2019 through the present, Plaintiff Brown continuously purchased products manufactured by Nurture containing heavy metals from Amazon, Whole Foods, Basil Bandwagon and Target for her infant child. The following products are some, but not all, of the products Plaintiff Brown purchased that contain heavy metals: HappyBABY Organic Blueberry & Purple Carrot teethers, Pea & Spinach teethers, numerous varieties of teethers, Apple & Broccoli puffs, Banana & Pumpkin puffs, Sweet Potato & Carrot puffs, Kale & Spinach puffs, Sweet Potato & Carrot puffs, Strawberry & Beet puffs, Purple Carrot & Blueberry Puffs, and almost every variety of pouches. During that time, based on Defendants' omissions and the false and misleading claims, warranties, representations, advertisements and other marketing by Defendants, Plaintiff Brown was unaware that the Defendants' products contained any level of heavy metals, and would not have purchased the food if that was fully disclosed, or she would not have paid as much for these products if that information was fully disclosed. Plaintiff Brown was injured by paying a premium for Defendants' contaminated products that have no or de minimis value— or whose value was at least less than what she paid for these products— based on the presence of the alleged heavy

13.    Plaintiff Vanessa Gallucci is, and at all relevant times was, a citizen of the State of New York residing in Central Islip, New York and is a member of the class defined herein. Since around May 2020 through the present, Plaintiff Gallucci continuously purchased products manufactured by Gerber containing heavy metals from Target for her infant child. The following products are some, but not all, of the products Plaintiff Gallucci's purchased that contain heavy

metals:  Gerber Rice Single grain cereal, Gerber Organic Oatmeal Banana Cereal, Gerber Puffs Banana, Gerber (2 pack sitter 2nd foods) flavors-Carrots and almost all the other flavors. During that time, based on Defendant Gerber's omissions and the false and misleading claims, warranties, representations, advertisements and other marketing by Defendant, Plaintiff Gallucci was unaware that Gerber's products contained any level of heavy metals, and would not have purchased the food if that was fully disclosed, or she would not have paid as much for the Products if that information was fully disclosed. Plaintiff Gallucci was injured by paying a premium for these products that have no or de minimis value— or whose value was at least less than what she paid for these products— based on the presence of the alleged heavy metals.

14.    Plaintiff Sarah Wardale is, and at all relevant times was, a citizen of the State of Texas residing in McKinney, Texas and is a member of the class defined herein. From around September 2020 through the present, Plaintiff Wardale continuously purchased products manufactured by Beech-Nut, Gerber, Nurture and Hain containing heavy metals from Amazon, Target and Kroger for her child. The following products are some, but not all, of the products Plaintiff Wardale purchased that contain heavy metals: Earth's Best plum and oat pouches, HappyBABY snacks including Banana teethers; HappyBABY Vegetable and Beef medley, Gerber Sweet Potatoes, Green Beans, Gerber Apple puffs; Gerber Rice cereal and Oatmeal cereal (Banana, Strawberry, whole grain) and each flavor of the Beech-Nut baby food jars. During that time, based on Defendants' omissions and the false and misleading claims, warranties, representations, advertisements and other marketing by Defendants, Plaintiff Wardale was unaware that these products contained any level of heavy metals, and would not have purchased the food if that was fully disclosed, or she would not have paid as much for these products if that information was fully disclosed. Plaintiff Wardale was injured by paying a premium for these

products that have no or de minimis value— or whose value was at least less than what she paid for these products— based on the presence of the alleged heavy metals.

15.     Plaintiff Jennifer Gaetan is, and at all relevant times was, a citizen of the State of Florida residing in Miami, Florida and is a member of the class defined herein.  From around July 2019 until the present, Plaintiff Gaetan continuously purchased products manufactured by Gerber, Nurture and Hain containing heavy metals from Target for her infant child. The following products are some, but not all, of the products Plaintiff Gaetan purchased that contain heavy metals: Gerber Purees of multiple varieties including  garden veggie, veggie beef,  Carrots, Peas & Corn, , Sweet Potato & Turkey With Whole Grains and Vegetable Beef Dinner Baby Food, HappyBABY pouches in many varieties and Earth's Best Organic blueberry banana flax & oat and wholesome breakfast puree. During that time, based on Defendants' omissions and the false and misleading claims, warranties, representations, advertisements and other marketing by Defendants, Plaintiff Gaetan was unaware that these products contained any level of heavy metals, and would not have purchased the food if that was fully disclosed, or she would not have paid as much for these products if that information was fully disclosed. Plaintiff Gaetan was injured by paying a premium for these products that have no or de minimis value— or whose value was at least less than what she paid for these products— based on the presence of the alleged heavy metals.

**The Defendants**

16.     Defendant Gerber is a subsidiary of Swiss food giant Nestlé S.A., incorporated in Delaware with its principal place of business at 1812 North Moore Street, Arlington, VA 22209. Nestlé produces and distributes nutritious food and beverage products. Their products include: frozen pizza coffee, canned milk, ice cream, baking goods and frozen prepared meals and snacks, etc.  Nestlé maintains its U.S. operations in many U.S. locations through seven operating companies: Nestlé USA, Nestlé Waters North America, Nestlé Purina, Gerber, Nestlé Health

Science, Nestlé Professional, and Nespresso. Gerber, or Gerber Products Company/Nestlé Infant Nutrition, produces multiple lines of food and beverages for babies and infants, including formula, supplements, cereal, baby food, snacks, drinks, meals, and organic food. Gerber baby food products can be purchased from the Gerber website (gerber.com) and supermarket stores.

17.     Defendant Beech-Nut is a subsidiary of the Swiss company Hero Group, incorporated in Delaware with its principal place of business at 1 Nutritious Place, Amsterdam, NY 12010.  Beech-Nut produces baby food, including cereals, jars, pouches, snacks, and organic food which can be purchased at supermarket stores. .

18.     Defendant Nurture is incorporated in Delaware and maintains its principal place of business at 40 Fulton St., 17th FL, New York, NY, 10038. As a player in the food wholesalers industry, Nurture manufactures, distributes, and sells its Happy Family brand, which produces multiple food lines, including HappyBABY. The HappyBABY food line includes baby food products such as baby formula, jars, cereals, pouches, and snacks.

19.     Defendant Hain is incorporated in Delaware and maintains its principal place of business at 1111 Marcus Avenue, Lake Success, New York 11042. As a player in the food industry, Hain maintains its Earth's Best Organic baby food brand, which produces a complete line of organic infant nutrition and natural baby care products.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") codified as 28 U.S.C. § 1332(d)(2) because the claims of the proposed Class Members involves more than 100 individuals and the amounts in controversy exceeds $5,000,000 and because Defendants are a citizen of a different state than most Class Members.

21.     This Court has personal jurisdiction over Defendants because Defendants regularly sell and market products and conduct business in this District and/or under the stream of commerce doctrine by allowing products to be sold in this District, including the Products. In addition, Plaintiffs Wallace, Johnson, and Brown at all relevant times were citizens of New Jersey and purchased Defendants' Products complained of herein in New Jersey.

22.     Venue is proper in this Court because a substantial portion of the events complained of took place in this District and this Court has jurisdiction over the Defendants.

## FACTUAL ALLEGATIONS

23.     The market for baby foods is exceedingly large and growing.  The baby foods market worldwide is projected to grow by $22.7 billion by the year 2025.[7]

24.     Along with the exploding baby food market is a surge in popularity of baby food products that are organic and otherwise "healthy" for babies.[8]

25.     Defendants manufacture, market, advertise label, distribute, and sell the Products at issue in the litigation, both in the past and currently. Defendants have advertised and continue to advertise the Products through television commercials, print advertisements, point-of-sale displays, product packaging, Internet advertisements, and other promotional materials.

**Defendant Beech-Nut Nutrition Company**

26.     Defendant Beech-Nut develops, formulates, manufactures, markets, advertises, represents and warrants its baby food Products across throughout the United States. Beech-Nut claims on its website that "Making high quality, safe, and nutritious foods for babies and toddlers will always be our #1 priority."[9] It boasts that it is the standard-bearer in the industry, "we're aware

---

[7] https://www.researchandmarkets.com/reports/338658/baby_foods_and_infant_formula_global_market?utm_source=dynamic&utm_medium=BW&utm_code=b559sk&utm_campaign=1386712+-+Global+Baby+Foods+and+Infant+Formula+Market+Assessment+2020-2025&utm_exec=joca220bwd.
[8] *Id*.
[9] https://www.beechnut.com/our-story/

of no higher standards in the industry than ours."[10]  And claims that "we conduct over 20 rigorous tests on our purees, testing for up to 255 pesticides and heavy metals (like cadmium, arsenic and other nasty stuff)."[11]  Then it promises potential customers, "Just like you would, we send the produce back if it's not good enough."[12]

27.     Beech-Nut's packaging labels do not list, let alone warn, potential customers that the Beech-Nut Baby Food Products contain toxic heavy metals.

**Defendant Gerber**

28.     Defendant Gerber develops, formulates, manufactures, markets, advertises, represents and warrants its baby food Products throughout the United States.  Gerber claims on its website that "We have among the strictest standards in the world.  From farm to highchair, we go through over 100 quality checks for every jar."[13] It claims that "our farmers are using best in class practices to ensure quality ingredients and minimize the presence of any unwanted heavy metals."[14] It promises that "Gerber takes many steps to keep levels as low as possible"[15] and "[i]f foods don't pass our quality and safety checks, we don't sell them."[16]  It emphasizes, "the truth is you would do anything for your baby, and so would we."

29.     Gerber redoubles these promises by telling parents concerned about recent reports about tainted Gerber baby food, "Gerber baby foods are absolutely safe and healthy for your baby."[17]

30.     Gerber's packaging labels do not list, let alone warn, potential customers that the Gerber Baby Food Products contain toxic heavy metals.

---

[10] https://www.beechnut.com/food-quality-safety/
[11] *Id.*
[12] *Id.*
[13] https://www.gerber.com/commitment-to-quality
[14] https://www.gerber.com/learning-center/quality-safety-faqs
[15] https://www.gerber.com/learning-center/quality-safety-faqs
[16] https://www.gerber.com/learning-center/quality-safety-faqs
[17] https://www.gerber.com/learning-center/quality-safety-faqs

**Defendant Hain Celestial Group, Inc.**

31.     Defendant Hain Celestial Group, Inc. develops, formulates, manufactures, markets, advertises, represents and warrants its baby food Products throughout the United States under the brand name, "Earth's Best."

32.     Hain claims on its website that it is "[p]roducing pure, quality products you can trust."[18]   It tells potential customers that "[w]e ensure that the ingredients we procure for our products do not use potentially harmful pesticides or fertilizers" and use "[r]igorous product testing to guarantee quality and safety."[19]   And Hain markets its Products as "Earth's Best."

33.     Hain's packaging labels do not list, let alone warn, potential customers that the Hain Baby Food Products contain toxic heavy metals.

**Defendant Nurture, Inc.**

34.     Defendant Nurture develops, formulates, manufactures, markets, advertises, represents and warrants its baby food products throughout the United States under the brand name HappyBABY.

35.     Nurture claims on its website that it has "best-in-class testing protocols,"[20] "routinely test[] both our ingredients and finished products to assure they are safe and healthy for baby"[21] and "taste, test and thoroughly analyze every batch of food."[22]

36.     Nurture's packaging labels do not list, let alone warn, potential customers that the Nurture Brand Products contain toxic heavy metals.

**Heavy Metals Found in Defendants' Baby Food Products**

37.     Arsenic, lead, cadmium and mercury have been linked to cancer, chronic disease, and neurotoxic effects and are listed in the World Health Organization's top 10 chemicals of concern for infants and children.[23]   They rank in the top ten in the Center for Disease Control's

---

[18] https://www.earthsbest.com/why-earths-best/our-promise/
[19] https://www.earthsbest.com/why-earths-best/our-promise/
[20] https://www.happyfamilyorganics.com/quality-and-safety-of-our-products/
[21] https://www.happyfamilyorganics.com/quality-and-safety-of-our-products/
[22] https://www.happyfamilyorganics.com/our-mission/going-beyond-organic-standards/
[23] https://www.who.int/ceh/capacity/heavy_metals.pdf

Agency for Toxic Substances and Disease Registry (ATSDR) Substance Priority List.[24]   The ATSDR lists substances that "based on a combination of their frequency, toxicity, and potential for human exposure" pose significant threat to human health.[25]

38.     Arsenic is ranked at the top of the ATSDR.  "There is some evidence that exposure to arsenic in early life (including gestation and early childhood) may increase mortality in young adults."[26]

39.     The FDA has set the maximum allowable level of inorganic arsenic for human consumption in bottled water at 10 parts per billion ("ppb").

40.     With regard to baby food, the FDA has finalized only one metal standard for one narrow category of baby food, a 100 ppb inorganic arsenic standard for infant rice cereal.

41.     Lead ranks second on the ATSDR list.[27]  The American Academy of Pediatrics and the Centers for Disease Control and Prevention state that there is no safe level of lead in children.[28]

42.     Lead is associated with behavioral problems, decreased cognitive performance, delayed puberty, reduced postnatal growth, and is "especially dangerous to infants and young children."

43.     Cadmium is seventh on the ATSDR list,[29] and is associated with decreased IQ and Attention-Deficit/Hyperactivity Disorder (ADHD).[30]

44.     The FDA and EPA limit cadmium to 5 ppb in bottled water and drinking water, respectively, while the WHO limits it to 3 ppb in drinking water.[31]

45.     Mercury is third on the ATSDR list.[32]  Among other concerns, "higher blood mercury levels at 2 and 3 years of age were positively associated with autistic behaviors among

---

[24] https://www.atsdr.cdc.gov/spl/index.html
[25] https://www.atsdr.cdc.gov/spl/index.html
[26] https://www.atsdr.cdc.gov/PHS/PHS.asp?id=18&tid=3#bookmark01
[27] https://www.atsdr.cdc.gov/spl/index.html
[28] https://www.ewg.org/release/congressional-investigation-popular-baby-foods-contain-high-levels-arsenic-lead-cadmium-and
[29] https://www.atsdr.cdc.gov/spl/index.html
[30] SR p. 12.
[31] SR p. 28.
[32] https://www.atsdr.cdc.gov/spl/index.html

preschool-age children."[33]

46.     The EPA limits mercury to 2 ppb in drinking water.[34]

47.     The House Subcommittee Report concluded that its "investigation proves that commercial baby foods contain dangerous levels of arsenic, lead, mercury, and cadmium" and that "[m]anufacturers knowingly sell these products to unsuspecting parents, in spite of internal company standards and test results, and without any warning labeling whatsoever."[35]

48.     It found that "naturally occurring toxic heavy metal may not be the only problem causing dangerous levels of toxic heavy metals in baby foods; rather, baby food producers . . . are adding ingredients that have high levels of toxic heavy metals into their products, such as vitamin/mineral pre-mix."[36]

49.     And it highlighted that Defendants Beech-Nut and Hain never test their final baby food product, and Defendant Gerber only does so periodically, possibly resulting in an undercount of toxic metals in the finished baby food product.[37]

50.     The Subcommittee's investigation revealed the following with respect to Defendant Beech-Nut:

    i.   Beech-Nut only tested arsenic in its ingredients, not its final product.  It routinely used ingredients containing over 100 ppb arsenic and even used an ingredient containing as much as 913.4 ppb arsenic.[38]

    ii.  Beech-Nut set internal guidelines for certain ingredients such as 3,000 ppb for cadmium and 5,000 ppb for lead, "far surpass[ing] any existing regulatory standard in existence."

    iii. Beech-Nut sold baby foods even when the food or its ingredients contained unsafe

---

[33] SR p. 13 (internal citation omitted).
[34] SR p. 32.
[35] SR p. 59.
[36] SR p. 56.
[37] SR pp. 55-56.
[38] SR p. 17.

levels of lead.[39]

    iv.   Beech-Nut sold eleven products that surpassed its own internal cadmium limits. Beech-Nut accepted dehydrated potato containing 119.6, 143.5, and 148.4 ppb cadmium, far surpassing its own internal limit of 90 ppb for that ingredient.

    v.   Beech-Nut does not test its ingredients or finished baby food products for mercury.[40]

51.    The Subcommittee's investigation revealed the following with respect to Defendant Gerber:

    i.   Gerber routinely used rice flour that had over 90 ppb inorganic arsenic.[41]

    ii.   Gerber "demonstrated its willingness to use ingredients that contained dangerous lead levels."[42]

    iii.   Gerber does not test all its ingredients for cadmium, but of those that it tests, it accepts high levels of cadmium, e.g., 75% of carrots Gerber contained had more cadmium than permitted by the EPA in drinking water.[43]

52.    The Subcommittee's investigation revealed the following with respect to Defendant Hain:

    i.   Hain set high internal standards for heavy metals that permitted it to justify accepting foods with heavy metal levels such as wheat flour at 200 ppb arsenic.[44] And even then it sometimes used products that surpassed its internal heavy metal limits such as a "vitamin pre-mix that had 223 ppb arsenic and 353 ppb lead, and two rice flours that had 134 and 309 ppb arsenic."[45]

    ii.   Hain sold baby foods even when the food or its ingredients contained unsafe levels

---

[39] SR p. 22.
[40] SR p. 33.
[41] SR p. 19.
[42] SR p. 27.
[43] SR p. 32.
[44] SR p. 39.
[45] SR p. 41.

of lead[46] and cadmium.[47]

    iii.   Hain set an internal limit of 200 ppb for lead in five ingredients—forty times higher than FDA's guidance for bottled water. By doing so, Hain justified accepting lentil flour with 110 ppb lead and quinoa flour with 120 ppb lead. It used an ingredient called vitamin pre-mix that contained as much as 325 ppb lead.[48]  These surpass every existing regulatory standard for lead.

    iv.   Hain does not test its ingredients or finished baby food products for mercury.[49]

53.    The Subcommittee's investigation revealed the following with respect to Defendant Nurture:

    i.   Nurture sells the products it tests, regardless of their toxic heavy metal content. In total, Nurture tested 113 final products and sold every product tested, regardless of how much inorganic arsenic or lead the product contained, and regardless of whether those metals exceeded its own internal standards.[50]

    ii.   Even though the FDA set 100 ppb inorganic arsenic in infant rice cereal as a limit, Nurture set its internal standard for it at 115 ppb.[51]

    iii.   Nurture sold baby foods even when the food or its ingredients contained unsafe levels of lead.[52]

    iv.   Nurture released products containing as much as 641 ppb lead and 180 ppb inorganic arsenic.

    v.   Nurture sold over 100 products that tested over 5 ppb cadmium, the EPA's limit for drinking water.[53]

---

[46] SR p. 22.
[47] SR p. 30.
[48] SR p. 26.
[49] SR p. 33.
[50] SR pp. 32-33.
[51] SR p. 4.
[52] SR p. 22.  The Subcommittee called Nurture's internal lead standard "dangerously-high."
[53] SR p. 31.

vi.   Nurture sold 56 products that contained over 2 ppb mercury.[54]

***Plaintiffs Relied Upon the Products' Label to Purchase the Products***

54.    Plaintiffs were victims of Defendants' mislabeling of the (i) Gerber Brand Baby Food, (ii) Earth's Best Brand Baby Food, (iii) Beech-Nut Brand Baby Food, and (iv) HappyBABY Brand Baby Food Products that contained heavy metals.

55. Prior to each purchase of the Products, Plaintiffs viewed the labels on Defendants' Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.   Each time, Plaintiffs reasonably relied upon the labels on Defendants' Products before purchasing them.   In particular, Plaintiffs purchased the Defendants' Products believing they would provide their children with healthy organic baby food, as claimed on the label and packaging of the Defendants' Products.

56.    Defendants' labeling claims were a material factor in Plaintiffs' decision to purchase Defendants' baby food Products.

57.    At the point of sale, Plaintiffs did not know, and had no reason to know, that Defendants' baby food Products were mislabeled as set forth herein.

58.    At the point of sale, Plaintiffs did not know, and had no reason to know, that Defendants' nutrient content claims on the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products' labels were false, deceitful, and untrue as set forth herein.

59.    Plaintiffs later learned that the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby

---

[54] SR p. 32.

Food Products contained unsafe levels of heavy metals and inorganic arsenic. Plaintiffs were deceived as a result of Defendants' false and misleading marketing practices. Plaintiffs believed they were buying products that were providing their children with healthy organic baby food.

60.     Plaintiffs would not have purchased or paid a price premium for the Defendants' Products had they known the Products contained  the quantity or levels of heavy metals and inorganic arsenic that were included in the Product.

61.     Plaintiffs are in the same Class as all other consumers who purchased Defendants' Products during the relevant time period. Plaintiffs and the Class Members were in fact misled by Defendants' misrepresentations in respect to the Products. Plaintiffs and Class Members would have purchased other foods for their children if they had not been deceived by the misleading and deceptive labeling of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products sold by Defendants.

## CLASS ACTION ALLEGATIONS

62.     Plaintiffs bring this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery. At this time, Plaintiffs bring this action and seek certification of the following Class:   All persons within the United States who purchased Defendants' Products from the beginning of any applicable limitations period through the date of class certification (the "National Class" or the "Class").

63.     Plaintiffs Wallace, Johnson and Brown (the "New Jersey Plaintiffs") seek certification of the following subclass (the "New Jersey Sub-Class"): All persons in the State of New Jersey who purchased the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food

Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products from the beginning of any applicable limitations period through the date of class certification.

64.    Plaintiff Gallucci (the "New York Plaintiff") seeks certification of the following subclass (the "New York Sub-Class"): All persons in the State of New York who purchased Gerber Brand Baby Food Products from the beginning of any applicable limitations period through the date of class certification.

65.    Plaintiff Gaetan (the "Florida Plaintiff") seeks certification of the following subclass (the "Florida Sub-Class"): All persons in the State of Florida who purchased the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products and HappyBABY Brand Baby Food Products and consumed the Products from the beginning of any applicable limitations period through the date of class certification.

66.    Plaintiff Wardale (the "Texas Plaintiff") seeks certification of the following subclass (the "Texas Sub-Class"): All persons in the State of Texas who purchased Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products from the beginning of any applicable limitations period through the date of class certification.

67.    Excluded from the Classes are the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents, employees and their legal representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and Plaintiffs' counsel, their staff members, and their immediate family.

68.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

69. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the thousands to tens of thousands. The number of members in the Classes is presently unknown to Plaintiffs but may be verified by Defendants' records. Members of the Classes may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

70. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes. Such common questions of law or fact include, but are not limited to, the following:

   a. Whether the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products , Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products contain dangerous levels of heavy metals;

   b. Whether the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products are "organic";

   c. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products are deceptive;

   d. Whether Defendants' actions violate the state consumer fraud statutes invoked below;

   e. Whether Defendants' actions constitute common law fraud;

20

f.   Whether Plaintiffs and Members of the Classes were damaged by Defendants' conduct;

g.   Whether Defendants were unjustly enriched at the expense of Plaintiffs and Class Members; and

h.   Whether Plaintiffs and Class Members are entitled to injunctive relief.

71.   **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The claims of the named Plaintiffs are typical of the claims of other Members of the Classes. All Members of the Classes were comparably injured by Defendants' conduct described above, and there are no defenses available to Defendants that are unique to Plaintiffs or any particular Class members.

72.   **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of other Class Members; they have retained class counsel competent to prosecute class actions and financially able to represent the Classes.

73.   **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other Class Members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class Members as a whole. In particular, Plaintiffs seek to certify a Class to enjoin Defendants from selling or otherwise distributing the Products until such time that Defendants can demonstrate to the Court's satisfaction that the Products are accurately labeled.

74.   **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other means of adjudication for this controversy. It would be impracticable for members of the Classes to individually litigate their own claims against Defendants because the

damages suffered by Plaintiffs and the members of the Classes are relatively small compared to the cost of individually litigating their claims. Individual litigation would create the potential for inconsistent judgments and delay and expenses to the court system. A class action provides an efficient means for adjudication with fewer management difficulties and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
### N.J. Stat. Ann. §§ 56:8-1, *et seq.*
### (*On Behalf of the New Jersey Class Against All of the Defendants*)

75.    The New Jersey Plaintiffs identified above, individually and on behalf of the New Jersey Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

76.    Plaintiffs bring this claim on behalf of themselves and the New Jersey Class for violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann §§ 56:8-1, *et seq.*

77.    Defendants are "persons," as defined by N.J. Stat. Ann. § 56:8-1(d).

78.    Defendants sell "merchandise," as defined by N.J. Stat. Ann. § 56:8-1(c) and (e).

79.    The New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.*, prohibit unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation, as well as the knowing concealment, suppression, or omission of any material fact with the intent that others rely on the concealment, omission, or fact, in connection with the sale or advertisement of any merchandise.

80.    As described herein, Defendants repeatedly advertised on the labels of Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products, on their respective websites, and

22

through a national advertising campaign, among other items, that Defendants' Products were and are safe, healthy and fit for consumption by infants and children.

81.     Contrary to these representations, the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products contain levels and quantities of arsenic, lead, cadmium and mercury that would be material to a reasonable consumer, and do not contain the safe and healthy food and beverages described on the Defendants' Product labels or in Defendants' uniform marketing and advertising campaigns. Rather, the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products contain toxic and/or dangerous levels of heavy metals, which have been known to cause adverse health implications to babies and infants, rendering the Defendants' Products, unsafe and unsuitable for consumer use as marketed by Defendants.

82.     Defendants maintained exclusive knowledge of material facts concerning the material information that the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products contained a quantity and level of toxic heavy metals which would be material to the reasonable consumer, and which  had the propensity to cause adverse health implications.

83.     Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

84.     As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and New Jersey Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Gerber Brand Baby Food

Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.

85. Plaintiffs and New Jersey Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief, other equitable relief, actual damages, treble damages, restitution, and attorneys' fees, filing fees, and costs.

**COUNT 2**
**VIOLATIONS OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT**
**New York Gen. Bus. Law § 349,** *et seq.*
**(*On behalf of the New York Class Against Defendant Gerber*)**

86. The New York Plaintiff identified above, individually and on behalf of the New York Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

87. Plaintiff brings this claim on behalf of herself and the New York Class.

88. The New York Deceptive Acts and Practices Act makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349.

89. Defendant engaged in deceptive acts or practices in the conduct of its business, trade, and commerce or furnishing of services, in violation of N.Y. Gen. Bus. Law § 349, as described herein.

90. Defendant's foregoing acts and practices, including its omissions, were directed at consumers.

91. Defendant's representations and omissions were material, in part, because they concerned an essential part of the Gerber Brand Baby Food's ingredients and essential qualities, and also because they were likely to deceive reasonable consumers.

92. Defendant's foregoing deceptive acts and practices, including their omissions, were and are deceptive acts or practices in violation of New York's General Business Law section 349, Deceptive Acts and Practices, N.Y. Gen. Bus. Law 349, et. seq., in that:

a. Defendant designed, formulated, manufactured, labeled, packaged, marketed, advertised, distributed and sold the Gerber Brand Baby Food Products when they knew, or should have known, that these products contained quantities and levels of toxic heavy metals which would be material to the reasonable consumer, and which have been documented as having the propensity to cause adverse health implications to babies and infants, rendering the Gerber Brand Baby Food Products unsuitable for consumer use as marketed by Defendant.

b. Defendant knew or should have known that the Gerber Brand Baby Food Products contained and contain levels and quantities of toxic heavy metals, such as arsenic, lead, cadmium and mercury, which would be material to the reasonable consumer but, as a result of Defendant's mislabeling and omissions was unknown to and would not easily be discovered by Plaintiff and Class Members.

93.     Defendant's efforts to conceal and downplay the real health and safety concern of heavy metals in their Gerber Brand Baby Food Products have resulted in harmful consumer fraud and deception upon attack on unwitting and unknowledgeable consumers.

94.     Plaintiff and New York Class members suffered damages when they purchased the Gerber Brand Baby Food Products. Defendant's unconscionable, deceptive and/or unfair practices caused actual damages to Plaintiff and New York Class members.

95.     Defendant's foregoing deceptive acts and practices, including their omissions, were likely to deceive, and did deceive, consumers acting reasonably under the circumstances.

96.     Plaintiff reserves the right to allege other violations of the law, which constitute other unlawful business acts and practices. As alleged herein, Defendant continues to misrepresent the Products' safety and continues to deny that the Gerber Brand Baby Food

Products contain unsafe levels of heavy metals which have the propensity to cause adverse health implications. Further, Defendant has not recalled its products nor provided any remedial efforts, including a warning disclosing their risks, and Defendant's conduct is ongoing and continues to this date.

97.    Defendant recklessly disregarded the Plaintiff and New York Class members' rights. Defendant's knowledge of the Products' presence of quantities and levels of heavy metals, which would pose to a reasonable consumer health and safety risks, put it on notice that the Gerber Brand Baby Food Products was not sold as represented.

98.    In accordance with subsection (h) of section 349, Plaintiff seeks an order enjoining Defendant from continuing these unlawful deceptive acts and practices and material omissions. Absent enjoining these unlawful deceptive acts and practices, Defendant will continue their false and misleading marketing of the Gerber Brand Baby Food Products and, in doing so, irreparably harm each of the New York Class Members.

99.    As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff and the New York Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the harmful Gerber Brand Baby Food Products.

100.    By reason of the foregoing, Plaintiff and the New York Class Members also seek actual damages or statutory damages of $50 per violation, whichever is greater, as well as punitive damages. N.Y. Gen. Bus. Law § 349(h).

**COUNT 3**
**VIOLATION OF NEW YORK DECEPTIVE SALES PRACTIVES ACT**
**New York Gen. Bus. Law § 350,** *et seq.*
**(*On Behalf of the New York Class Against Defendant Gerber*)**

101.   The New York Plaintiff identified above, individually and on behalf of the New York Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein, including those alleged in the Seventh Claim for Relief, Violation of N.Y. Gen. Bus. Law 349, *et seq.*

102.   Plaintiff brings this cause of action on behalf of herself and the New York Class against Defendant for violation of New York General Business Law section 350.

103.   Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 350.

104.   New York General Business Law section 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect." N.Y. Gen. Bus. Law § 350-a. The section also provides that advertising can be false by omission, as it further defines "false advertising" to include "advertising [that] fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates." Id.

105.   Defendant's labeling, marketing, and advertising of the Gerber Brand Baby Food Products, as alleged herein, are "misleading in a material respect," and are thus "false advertising."  As more fully set forth above, Defendant repeatedly advertised, both on the labels for the Gerber Brand Baby Food Product labels and on its website and through a national advertising campaign, among other items, that the Gerber Brand Baby Food Products were and are safe, healthy, and fit for the consumption of infants and children.

106.    These label and advertising claims are false as the harmful Gerber Brand Baby Food Products contain heavy metals not indicated on its labels or in Defendant's uniform marketing and advertising campaign. Rather, the Gerber Brand Baby Food Products could be deleterious to infants and babies' health as they contain toxic heavy metals which have the propensity to cause adverse health implications, rendering these products unsuitable for consumer use as marketed by Defendant.

107.    While engaged in the conduct of business, trade, and commerce, Defendant did attempt to directly and/or indirectly induce consumers to purchase the harmful Gerber Brand Baby Food Products by its labeling and by material omissions. In doing so, Defendant utilized false and misleading labeling which did not represent the true nature and quality of the Gerber Brand Baby Food Products, but rather misled consumers into believing that these products were safe and healthy and did not contain toxic heavy metals. The false labeling and material omissions were materially misleading and materially deceiving to reasonable consumers at large acting reasonably under the circumstances.

108.    Defendant's efforts to conceal and downplay the Gerber Brand Baby Food Products' inclusion of material quantities and levels of heavy metals constituted a harmful consumer fraud and deception upon unwitting and unknowledgeable consumers.

109.    Defendant's conduct caused and continues to cause injury to consumers, including Plaintiff and the New York Class members, in that they were misled to believe that they were purchasing the Gerber Brand Baby Food Products that were safe and gentle, and did not contain arsenic, lead, cadmium and/or mercury in levels which could cause concern or had the propensity to cause adverse health implications.

28

110.    In making material omissions regarding the presence of toxic and/or dangerous heavy metals contained in these Products, Defendant knew, or should have known, that its practices were materially deceptive and misleading in violation of N.Y. Gen. Bus. Law § 350, *et seq.*

111.    Plaintiff and the New York Class members based their decision to purchase the Gerber Brand Baby Food Products in substantial part on Defendant's false labeling, advertisements, material representations and omitted facts. The revenue to Defendant attributable to the sale of the Gerber Brand Baby Food Products likely amount to millions of dollars.

112.    Based on all of the foregoing, Defendant has violated New York General Business Law § 350, causing Plaintiff and the New York Class members to sustain injury in fact – the loss of monies paid for the Gerber Brand Baby Food Products.

113.    The misrepresentations and non-disclosures by Defendant of the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute violations of N.Y. Gen. Bus. Law § 350, *et seq.*

114.    Plaintiff seeks an order enjoining Defendant from continuing this false advertising. Absent enjoining this false advertising, Defendant will continue to mislead Plaintiff and the New York Class members and, in doing so, irreparably harm each of the New York Class members.

115.    As a direct and proximate result of Defendant's violation of New York General Business Law § 350, Plaintiff and the New York Class members have also suffered an ascertainable loss of monies. By reason of the foregoing, Plaintiff and the New York Class Members also seek actual damages or statutory damages of $500 per violation, whichever is greater, as well as punitive damages. N.Y. Gen. Bus. Law § 350-e(3).

## COUNT 4
### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT
#### Tex. Bus. & Com. Code §§ 17.41, *et seq.*
#### (*On Behalf of the Texas Class Against All Defendants*)

116.    The Texas Plaintiff identified above, individually and on behalf of the Texas Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein, Violation of Tex. Bus. & Com. Code §§ 17.41, *et seq.* ("TDTPA").

117.    This is asserted as a placeholder claim that Plaintiff will assert on behalf of herself and the Texas Class against Defendants for violation of Texas Bus. & Com. Code §§ 17.41, *et seq.* in the event sixty (60) days, from the date that pre-suit notice was given, passes without Defendants satisfactorily resolving the claims herein on behalf of Plaintiff and the Texas Subclass,

118.    Plaintiff and Texas subclass members who purchased the subject product are "consumers" under the TDTPA.

119.    Defendants manufacturers' and retailers' practices, acts, policies and course of conduct violated the TDTPA in that:

a.   Defendants engaged in deceptive acts and practices in or affecting commerce, through their false and deceptive material omissions in their labeling and marketing of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products. Such pattern of conduct was uniform in nature with respect to the marketing and sale of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.

30

b. Defendants knowingly concealed, suppressed and consciously omitted material facts from Plaintiffs and members of the Texas class regarding the quality and levels of heavy metals contained in the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products knowing that consumers would rely on these material omissions in choosing to purchase these products for their infants and children.

120.    Defendants' acts and omissions possessed the tendency or capacity to mislead or create the likelihood of deception.

121.    Defendants knowingly accepted the benefits of their deception and improper conduct in the form of direct and/or indirect profits from the sales of the Products.

122.    As a proximate result of the TDTPA violations described in this complaint, Plaintiff and members of the Texas class purchased the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products and suffered economic losses, including, but not limited to, the monies expended in purchasing baby food which is not merchantable and unfit for its intended purpose on account of the presence of toxic heavy metals which could cause health concerns or could lead to adverse health implications, and/or the price premium paid for the baby food and beverages which they received in their purchase of the Defendants' Products.

123.    As a direct and proximate result of these deceptive commercial practices, Plaintiff and the members of the Texas class have been damaged and, in the event sixty (60) days from the date that pre-suit notice was given, passes without Defendants satisfactorily resolving the claims

herein on behalf of Plaintiff and the Texas Subclass, Plaintiff will seek to recover actual and all other forms of recovery permitted by law.

124.   Plaintiff and Texas subclass members also seek appropriate equitable relief, including an order requiring Defendants to cease selling the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products with the described material omissions. Plaintiffs and the Texas class also seek attorneys' fees and any other just and proper relief available under TDTPA.

125.   Plaintiff's counsel, on behalf of Plaintiff and the Texas class, served Defendants with notice of its alleged violations of the TDTPA relating to the subject product purchased by Plaintiff and Texas class members, and demanded that Defendant cease their unfair and deceptive practices described therein. After sixty (60) days have passed, if Defendants have failed to provide the requested relief, Plaintiff will have properly asserted claims for all damages and relief to which Plaintiff and the Texas class are entitled to pursuant to Tex. Bus. Com. Code §§ 17.50 and 17.505.

**COUNT 5**
**VIOLATION OF THE FLORIDA DECEPTIVE**
**AND UNFAIR TRADE PRACTICES ACT**
**Fla. Stat. § 501.201 *et seq.***
**(O*n Behalf of the Florida Class Against Defendants Gerber, Hain and Nurture*)**

126.   The Florida Plaintiff identified above, individually and on behalf of the Florida Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

127.   Plaintiff brings this claim on behalf of the Florida Class against Defendants for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.* ("FDUTPA").

128.    Plaintiff and all Florida Class members are "consumers" and the transactions at issue in this Complaint constitute "trade or commerce" as defined by FDUTPA. See id. § 501.203(7)-(8).

129.    The Products are "goods" within the meaning of FDUTPA.

130.    FDUTPA provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. Ann. § 501.204.

131.    For the reasons discussed herein, Defendants violated and continues to violate FDUTPA by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute §501.201, *et seq.* Defendants' acts and practices, including its material omissions, described herein, were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

132.    Defendants repeatedly advertised, both on the labels for Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products and HappyBABY Brand Baby Food Products on the respective websites and through a national advertising campaign, among other items, that the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products and HappyBABY Brand Baby Food Products were and are safe and healthy for infant and child consumption.

133.    Contrary to these representations, the Defendants' Products omitted material information that these Products contained toxic heavy metals which could be deleterious to babies and infants. Rather, the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products and HappyBABY Brand Baby Food Products contained unsafe and unhealthy toxic heavy metals, including arsenic, lead, cadmium and/or mercury which have the propensity to

cause adverse health implications, rendering these products unsafe and unsuitable for consumer use as marketed by Defendants.

134.    Defendants had exclusive knowledge of material facts concerning the presence of toxic heavy metals in the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products and HappyBABY Brand Products, including that the presence of such heavy metals had the propensity to cause, and could lead to adverse health implications.

135.    Defendants' efforts to conceal and downplay the quantity, presence and/or levels of heavy metals contained in their Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products and HappyBABY Brand Baby Food Products constitute a harmful consumer fraud and deception upon unwitting and unknowledgeable consumers, and a dubious attempt to shift the blame to consumers for these adverse reactions.

136.    Defendants' deceptive and unlawful acts and practices described herein were likely to deceive, and did deceive, consumers acting reasonably under the circumstances. Consumers, including Plaintiff and Florida Class Members, would not have purchased the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products and HappyBABY Brand Baby Food Products, or would have paid less for them, had they known that these Products possessed the quantity, presence and/or levels of arsenic, lead, cadmium and mercury that they did.

137.    Defendants' violations described herein present a continuing risk to Plaintiff and Florida Class members, and the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

138.    As a result of Defendant's misconduct, Plaintiff and Florida Class members have been harmed and suffered actual damages in that the Products cannot be safely used as intended.

34

139.    As a direct and proximate result of Defendants' unfair or deceptive acts or practices, Plaintiff and Florida Class members have been damaged, and are entitled to recover actual damages to the extent permitted by law, including class action rules, in an amount to be proven at trial.

140.    Plaintiff seeks an order enjoining Defendants' unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under FDUTPA and applicable law.

**COUNT 6**
**BREACH OF EXPRESS WARRANTY**
*(On Behalf of the New Jersey, New York,*
*Texas and Florida Classes)*

141.    The New Jersey, New York, Texas and Florida Plaintiffs identified above, individually and on behalf of the members of their putative subclasses, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

142.    Plaintiffs bring this claim on behalf of themselves and their respective State Classes.

143.    Express warranties by sellers of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description. *See, e.g.*, Fla. Stat. Ann. § 672.313(1)(a)-(b); N.J. Stat. Ann. § 12A:2A-210(1)(a)-(b); and N.Y. U.C.C. Law § 2-313(1)(a)-(b).

144.    Each of the Plaintiffs formed a contract with one or more of the Defendants at the time they purchased the Gerber Brand P Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.

The terms of that contract included the promises and affirmations of fact that Defendants made through their product labels, through other forms of uniform, nationwide marketing, on their respective websites, and social media.  Among other affirmations of fact and promises described herein, Defendants represented that the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products were and are safe, healthy, and appropriate for infant or child consumption.

145.    These affirmations of facts and promises, which are part of Defendants' uniform marketing, advertising, and product labeling, constitute express warranties and became part of the basis of the bargain, and they are part of the standardized contracts between Plaintiffs and members of their putative classes on the one hand, and the Defendants, on the other.

146.    Contrary to these affirmations of fact and promises, the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products did not and do not contain food or beverages that are safe, healthy, and appropriate for infant or child consumption as described on the Product labels or in Defendants' uniform marketing and advertising campaign. Defendants breached the express warranties and/or contract obligations by placing these Products into the stream of commerce and selling them to consumers, when they have dangerous and/or toxic levels of heavy metals, and can cause toxicity or adverse health implications, rendering these products unfit for their intended use and purpose, and unsafe and unsuitable for consumer use as marketed by Defendants. These high levels of heavy metals substantially impair the use, value, and safety of the Gerber Brand Baby Food Products, Earth's Best Baby Food Brand Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.

147.    At all times relevant herein, Defendants were aware, or should have been aware, of the toxic or dangerous levels of heavy metals in the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products. Defendants were on notice of these concerns with their products, but nowhere on the package labeling or on Defendants' websites or other marketing materials did Defendants warn Plaintiffs and members of their putative classes that they were at risk of feeding their children food and/or beverages with toxic or dangerous levels of heavy metals.

148.    Instead, Defendants concealed the high levels of heavy metals contained in their Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products and deceptively represented that these products were safe, healthy, and appropriate for infant or child consumption. Defendant, thus, utterly failed to ensure that the material representations it was making to consumers were true.

149.    The toxic and/or dangerous levels of heavy metals at issue in the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products existed when they left Defendants' possession or control and were sold to Plaintiffs and members of the putative classes. The levels of heavy metals contained in the Defendants' Products were undiscoverable by Plaintiffs and members of the putative classes at the time of purchase of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.

150.    As manufacturers, marketers, advertisers, distributors and sellers of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food

Products and HappyBABY Brand Baby Food Products, Defendants were parties with exclusive knowledge and notice of the fact that these products did not conform to the affirmations of fact and promises.

151.   In addition, or in the alternative, to the formation of an express contract, Defendants made each of the above-described representations to induce Plaintiffs and members of the putative classes to rely on such representations.

152.   Defendants' affirmations of fact and promises were material, and Plaintiffs and members of the putative classes reasonably relied upon such representations in purchasing the Defendants' Products.

153.   All conditions precedent to Defendants' liability for its breach of express warranty have been performed by Plaintiffs or members of the putative classes.

154.   Affording Defendants an opportunity to cure their breaches of written warranties would be unnecessary and futile here. Defendants were placed on reasonable notice of the levels of heavy metals in their Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products and breach of the warranties based their scientific research and expertise in the food production industry. Defendants have had ample opportunity to cure the high level of heavy metal in their Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products for safe and healthy consumption by Plaintiffs and members of the putative classes and their children, but have failed to do so.

155.    Defendants have also had notice of their breach as set forth herein by virtue of the recent Congressional investigation into this matter and the prior 2019 report issued by Healthy Baby Bright Future.

156.    As a direct and proximate result of Defendants' breaches of express warranty, Plaintiffs and members of the putative classes have been damaged because they did not receive the products as specifically warranted by Defendants. Plaintiffs and members of the putative classes did not receive the benefit of the bargain and suffered damages at the point of sale stemming from their overpayment of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.

### COUNT 7
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
*(On Behalf of the New Jersey, New York, Texas and Florida Classes)*

157.    The New Jersey, New York, Texas and Florida Plaintiffs identified above, individually and on behalf of the members of their putative subclasses, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

158.    Plaintiffs bring this claim on behalf of themselves and their respective State Classes.

159.    Each of the states represented by Plaintiffs has adopted UCC § 2-314, which states that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *See e.g.* Fla. Stat. Ann. § 672.314 (Florida), N.J. Stat. Ann. § 12A:2-314 (New Jersey), N.Y. U.C.C. § 2-314 (New York).

160.    Defendants are and were at all relevant times merchants as defined by the relevant State statutes.

39

161.   The Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products sold to Plaintiffs and members of the Class are goods as defined by the relevant statutes.

162.   Defendants sold, and Plaintiffs and members of the putative classes purchased, the Defendants' Products from authorized resellers of Defendants' products.

163.   By placing the Products into the stream of commerce, Defendants impliedly warranted to Plaintiffs and members of the putative classes that the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products were of merchantable quality (i.e., a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not contaminated or flawed or containing a defect affecting the safety of the product), would pass without objection in the trade or business, and were free from material defects, and reasonably fit for the use for which they were intended.

164.   The Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products when sold and at all times thereafter were not merchantable or reasonably fit for either the use they were intended or the uses reasonably foreseeable by Defendants.

165.   Defendants breached the implied warranty of merchantability because the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products suffer from the presence of toxic and/or dangerous heavy metals, such as arsenic, lead, cadmium and mercury, that have the propensity to cause health complications, rendering them unfit for their intended use and purpose as baby and/or

children food and beverages. The level of heavy metals substantially impairs the use, value, and safety of these products.

166.    The toxic and/or dangerous levels of heavy metals existed when the Defendants' Products left Defendants' possession or control and were sold to Plaintiffs and members of the putative classes. The amounts of heavy metals contained in the Products were undiscoverable by Plaintiffs and members of the putative classes at the time of their purchase of the Products.

167.    As described herein, Defendants repeatedly advertised, both on the labels for Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products labels and on their respective websites, through a national advertising campaign, among other items, that the Defendants' Products were and are safe and appropriate for infant and child consumption.

168.    Contrary to these representations, the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products possessed quantities, levels and the presence of  toxic heavy metals which were not revealed on the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Products labels and in Defendants' uniform marketing and advertising campaigns. Rather, the Defendants' Products are unsafe because they have toxic and/or dangerous levels of heavy metals contained in their food or beverages with the propensity to cause adverse health implications. The Products are thus unsafe and unsuitable for consumer use as marketed by Defendants.

169.    Defendants have exclusive knowledge of material facts concerning the defective nature of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-

Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products, including that they had the propensity to cause, and had caused these adverse reactions.

170.    Plaintiffs and members of the putative classes, at all relevant times, were intended third-party beneficiaries of Defendants and its agents in the distribution and sale of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products. Moreover, Defendants exercised substantial control over which outlets can carry and sell the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products, which are the same places that Plaintiffs and members of the putative classes purchased them. In addition, Defendants' warranties are in no way designed to apply to the distributors that purchase these products in bulk and then sell them on an individual basis to each consumer. Individual consumers are the ones who ultimately review the labels prior to making their purchasing decisions. As a result, these warranties are specifically designed to benefit the individual consumers who purchase the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.

171.    Plaintiffs and members of the Class sustained damages as a direct and proximate result of Defendants' breaches in that they paid a premium for the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products that they would not have otherwise paid. Plaintiffs and members of the putative classes also did not receive the value of the product they paid for—the products are worthless or worth far less than Defendants represent due to the presence of toxic

42

heavy metals contained therein which had the propensity to cause, and could lead to adverse health implications.

172.    Plaintiffs and members of the Class have sustained, are sustaining, and will sustain damages if Defendants continue to engage in such deceptive, unfair, and unreasonable practices.

173.    Defendants were placed on reasonable notice of the high levels of heavy metals contained in the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products and breach of the warranties based on their own research into food processing and sourcing, as well as a recent Congressional investigation on the matter, and have had ample opportunity to cure the inappropriate levels of metals for Plaintiffs and members of the putative classes, but have failed to do so. Instead, Defendants have doubled down on their efforts to convince consumers that their Products are safe to consume and healthy for infants and babies, including public statements denying that there are any issues with the Products.

174.    As a result of the breach of the implied warranty of merchantability, Plaintiffs and members of the putative classes are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

## COUNT 8
## UNJUST ENRICHMENT
### (On Behalf of the Classes)

175.    Plaintiffs incorporate by reference all of the foregoing paragraphs of this Complaint as if fully stated herein.

176.    Plaintiffs brings this claim against Defendants on behalf of themselves and the putative classes.

177.     Plaintiffs and the other members of the putative classes conferred benefits on Defendants by purchasing the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products.

178.     Defendants received the benefits to the detriment of Plaintiffs and the other members of the putative classes because Plaintiffs and the other members of the putative classes purchased a mislabeled product that is not what they bargained for and did not provide the advertised benefit.

179.     Defendants have been unjustly enriched in retaining the revenues derived from the purchases of the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products by Plaintiffs and the other members of the putative classes. Retention of those monies under these circumstances is unjust and inequitable because Defendants' labeling of the Products was misleading to consumers, which caused injuries to Plaintiffs and the other members of the putative classes, because they would have not purchased the Gerber Brand Baby Food Products, Earth's Best Brand Baby Food Products, Beech-Nut Brand Baby Food Products and HappyBABY Brand Baby Food Products had they known that they contained dangerous levels of heavy metals.

180.     Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiffs and the other members of the putative classes is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the other members of the putative classes for their unjust enrichment, as ordered by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the other members of the putative classes proposed in this Complaint, respectfully requests that the Court enter judgment as follows:

A.  Declaring that this action is a proper class action, certifying the putative classes as requested herein, designating Plaintiffs as Class Representatives, and appointing the undersigned counsel as Class Counsel for the putative classes;

B.  Ordering Defendants to pay actual damages to Plaintiffs and the other members of the putative classes;

C.  Ordering Defendants to pay restitution to Plaintiffs and the other members of the putative classes;

D.  Ordering Defendants to pay punitive damages, as allowable by law, to Plaintiffs and the other members of the putative classes;

E.  Ordering Defendants to pay statutory damages, as provided by the applicable state consumer protection statutes invoked herein, to Plaintiffs and the other members of the putative classes;

F.  Ordering Defendants to pay reasonable attorneys' fees and litigation costs to Plaintiffs and the other members of the putative classes, as allowable by law;

G.  Ordering Defendants to pay both pre- and post-judgment interest, as allowable by law, on any amounts awarded; and

H.  Ordering such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all claims in this Complaint so triable. Plaintiffs also respectfully requests leave to amend this Complaint to conform to the evidence, if such amendment is needed for trial.

Dated:  February 12, 2021          Respectfully submitted,

/s/
Gary S. Graifman
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
135 Chestnut Ridge Road, Suite 200
Montvale, New Jersey 07645
T: 201-391-7000
F: 201-308-845-356-4335
ggraifman@kgglaw.com

Melissa R. Emert*
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
T: 845-356-2570
F: 845-356-4335
memert@kgglaw.com

*pro hac vice to be filed*

*Attorneys for the Plaintiffs and the Putative Classes*